**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CYNTHIA SHANION TUCKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 3:17-CV-03128** |
| **ACCOUNT SERVICES** | § | |
| **COLLECTIONS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Account Services Collections, Inc. ("Defendant"), files this its Answer to Plaintiff's Complaint, and in support thereof respectfully states the following:

1. Defendant admits that Plaintiff's Complaint attempts to state claims against it under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the Texas Debt Collection Act ("TDCA"). Otherwise, Defendant denies the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that Plaintiff's Complaint attempts to state claims against it under the FDCPA, TCPA, and TDCA but denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3.       Defendant denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5.       Paragraph 5 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.       Defendant admits that its website speaks for itself, that it is located at 1802 NE Loop 410, Suite 400 in San Antonio, Texas, and that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined in the FDCPA.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.       Paragraph 7 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.      Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.      Defendant admits that it made telephone calls to Plaintiff in an attempt to speak with her about accounts in her name that were placed with Defendant for collection.  Otherwise, Defendant denies the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint, including allegation or implication of wrongdoing by Defendant.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11.     Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.     Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13.     Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.   Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14.     Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15.     Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21.     Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23.     Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     All allegations incorporated by reference in Paragraph 24 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

25.     Paragraph 25 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint, and therefore denies the same.

26.     Paragraph 26 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined in the FDCPA.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27.     Defendant admits that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined in the FDCPA.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations set forth in Paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28.     Paragraph 28 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.     Paragraph 29 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30.     Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.     Paragraph 32 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33.     Paragraph 33 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34.     Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Paragraph 35 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's Complaint, and therefore denies the same.

36.     Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.     All allegations incorporated by reference in Paragraph 38 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

39.     Paragraph 39 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiff's Complaint, and therefore denies the same.

40.     Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 of Plaintiff's Complaint, and therefore denies the same.

43.     Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     All allegations incorporated by reference in Paragraph 44 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

45.     Paragraph 45 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46.     Paragraph 46 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

47.     Paragraph 47 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiff's Complaint, and therefore denies the same.

48.     Paragraph 48 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of Plaintiff's Complaint, and therefore denies the same.

49.     Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

Defendant denies the allegations set forth in the final paragraph of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief sought.

Defendant otherwise denies all other allegations set forth in Plaintiff's Complaint that are not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses:

1.      Plaintiff fails to state a claim and/or cause of action upon which relief may be granted, and Plaintiffs' claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

2.      Defendant affirmatively alleges, in the alternative, that this Court may lack jurisdiction over subject matter set forth in Plaintiff's Complaint.

3.      Defendant affirmatively alleges, in the alternative, that Plaintiff may have failed to join all parties necessary and indispensable for a just adjudication of the captioned matter.

4.      Defendant affirmatively alleges, in the alternative, that claims alleged in Plaintiff's Complaint are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

5.      Defendant affirmatively alleges, in the alternative, that any violation of the Fair Debt Collection Practices Act, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6.      Defendant affirmatively alleges, in the alternative, that it acted in good faith at all times and in good faith reliance on the information provided by the creditor of the account.

7.      Defendant affirmatively alleges, in the alternative, that it did not make any false or misleading representations to Plaintiff or anyone else.

8.      Defendant affirmatively alleges, in the alternative, that Plaintiff did not rely on any alleged false or misleading representations.

9.      Defendant affirmatively alleges, in the alternative, that any alleged false or misleading representations, which are specifically denied, were not material.

10.     Defendant affirmatively alleges, in the alternative, that it did not commit any unfair, deceptive, or unconscionable acts.

11.     Defendant affirmatively alleges, in the alternative, that it did not call Plaintiff's phone number with an automatic telephone dialing system and/or had consent to call the phone number.

12.     Defendant affirmatively alleges, in the alternative, that if it performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

13.     Defendant affirmatively alleges, in the alternative, that Plaintiff has not suffered any compensable damages as a result of its actions.

14.     Defendant affirmatively alleges, in the alternative, that Plaintiff has failed to mitigate her damages, if any.

15.     Defendant affirmatively alleges, in the alternative, that if Plaintiff was injured or damaged, such injury or damage was caused by the sole actions of Plaintiff or third parties over whom Defendant has no control, right to control, responsibility, or reason to anticipate.

16.     Defendant affirmatively alleges, in the alternative, that it established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the

TCPA.  Any purported violation of the TCPA, which Defendant denies occurred, was unintentional, and occurred despite procedures reasonably adapted and maintained to avoid such error.

17.     Defendant affirmatively alleges, in the alternative, that Plaintiff lacks standing to assert the claims alleged in his Complaint.  Plaintiff lacks Article III standing to the extent Plaintiff is unable to show that he incurred any concrete and particularized injury.

18.     Defendant affirmatively alleges, in the alternative, that any purported violation of the Texas Debt Collection Act, which Defendant denies occurred, resulted from a bona-fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error.

Defendant further reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants and that may be revealed during the course of these proceedings.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that the Court deny all relief sought in Plaintiff's Complaint, enter an order and judgment in favor of Defendant against Plaintiff dismissing all causes of action and claims for relief against Defendant with prejudice, award Defendant its reasonable fees and costs incurred, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: */s/ Jason R. Jobe*
      Jason R. Jobe
      jjobe@thompsoncoe.com
      State Bar No. 24043743
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209
**ATTORNEYS FOR DEFENDANT**
**ACCOUNT SERVICES COLLECTIONS,**
**INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Taxiarchis Hatzidimitriadis, Esq.
thatz@sulaimanlaw.com
Ahmad Tayseer Sulaiman, Esq.
ahmad.sulaiman@sulaimanlaw.com
Mohammed Omar Badwan, Esq.
mbadwan@sulaimanlw.com
Nathan Charles Volheim, Esq.
nvolheim@sulaimanlaw.com
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148

Jason M. Katz, Esq.
Hiershe Hayward Drakeley & Urbach, PC
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
jkatz@hhdulaw.com


      */s/  Jason R. Jobe*
      Jason R. Jobe